**UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

FARM BUREAU MUTUAL INSURANCE                       Case No. 1:26-cv-1324
COMPANY OF MICHIGAN, a Michigan corporation;       Hon.

    Plaintiff,

v.

Wal-Mart Stores, Inc., a foreign corporation
registered in Delaware with its headquarters in Arkansas;
and Walmart, Inc., a foreign corporation
registered in Delaware with its headquarters in Arkansas;
Wal-Mart Louisiana LLC, a foreign corporation registered
in Delaware with its headquarters in Arkansas;
Mr. Jeffrey Lewis, resident of Florida; and
Ms. Mary Ann Crane, a resident of Florida;

    Defendants.

---

JAMES CROCKER (P74119)
ANTHONY PIETI (P64501)
QUINTAIROS PRIETO WOOD & BOYER
Attorney for Plaintiff Farm Bureau
41430 Grand River Ave. Ste. D
Novi, MI 48375
248-783-6780
anthony.pieti@qpwblaw.com
Assistant: ginger.stratton@qpwblaw.com

---

**FARM BUREAU MUTUAL INSUTANCE COMPANY OF MICHIGAN**
**COMPLIAINT FOR DECLARATORY RELIEF**

  NOW COMES the Plaintiff, Farm Bureau Mutual Insurance Company of Michigan,

by and through its counsel, Quintairos, Prieto, Wood & Boyer PA, and for its Complaint

filed pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201, states as follows;

**GENERAL ALLEGATIONS**

  1.  Plaintiff, Farm Bureau Mutual Insurance Company of Michigan ("Farm

Bureau"), issued a policy of insurance to Neal Mast and Son Greenhouses ("Greenhouse")

1

(Policy #FO 3280564-12) (Ex. A), which Policy included an Additional Insured Endorsement for Wal-Mart Stores Inc. ("Wal-Mart") (Ex. F) with coverage provided subject to the terms of the Endorsement and all Other Policy Conditions.

2.      Farm Bureau's insured, Greenhouse, entered into an agreement with Defendant, Wal-Mart, titled ("WALMART GENERAL MERCHANDISE SUPPLIER AGREEMENT") ("Agreement") effective February 11, 2014. (Ex. D) Farm Bureau was not a party to that Agreement, and that Agreement did not explicitly include language requiring Greenhouse to indemnify Wal-Mart for Wal-Mart's sole negligence.

3.      On or about January 16, 2023, Defendant, Jeffrey Lewis, was allegedly injured in an incident that occurred on Wal-Mart's premises at Superstore #3616 located at 1200 W. Oak Street, Amite, Louisiana. As a result of that incident and alleged injury, Mr. Lewis filed suit in Louisiana state court against Wal-Mart, Greenhouse, Brian Matherne, and Peak Transportation. (Ex. B, Mr. Lewis First Amended Complaint) That suit has been resolved in total. Wal-Mart has, subsequent to Wal-Mart settling all claims against it, sought defense, indemnity and coverage as an additional named insured from Greenhouse and its insurer, Farm Bureau. However, there is no legal basis to support such claims, and based upon the language in a release signed by Mr. Lewis and Ms. Crane, both must indemnify and hold Greenhouse harmless from all claims by Wal-Mart against Greenhouse and Farm Bureau. (Ex. C, Mr. Lewis and Ms. Crane Release)

4.      Under the language of the Agreement, defense and indemnity is not owed by Farm Bureau's insured, Greenhouse, for Wal-Mart's ***sole*** negligence under Michigan and/or Arkansas law, and there is no basis for coverage under the Additional Insured endorsement for Wal-Mart in this instance based on Policy language. Furter, Mr. Lewis and Ms. Crane owe Greenhouse indemnity and to hold Greenhouse harmless from any

2

claims asserted by Wal-Mart in this matter based on the language in the release signed by Mr. Lewis and Ms. Crane.

5.      Farm Bureau files this action for Declaratory Relief under Fed. R. Civ. P. 57 and 28 U.S.C. §2201, seeking a judgment or court ruling defining the duties owed, and/or not owed, specifically that defense and indemnity is not due and owing to Wal-Mart by Farm Bureau's insured, and a finding that there is no defense or indemnity owed under the Additional Insured endorsement, and/or that Mr. Lewis and Ms. Crane must indemnify and hold Greenhouse harmless from any claim asserted by Wal-Mart for defense, indemnity or subrogation, "or otherwise." (Ex. C)

**PARTIES**

6.      Plaintiff, Farm Bureau Mutual Insurance Company of Michigan is a property and casualty insurer registered and incorporated in Michigan and conducting business throughout Michigan with its principal place of business located at 7373 Saginaw Highway, Lansing, Michigan 48909.

7.      Defendant, Wal-Mart Stores, Inc. is a foreign domestic corporation registered and incorporated in Delaware with its principal place of business in Bentonville, Benton County, State of Arkansas.

8.      Defendant, Walmart Inc. is a foreign domestic corporation registered and incorporated in Delaware with its principal place of business in Bentonville, Benton County, State of Arkansas.

9.      Defendant, Wal-Mart Louisiana, LLC is a foreign domestic corporation registered and incorporated in Delaware with its principal place of business in Bentonville, Benton County, State of Arkansas.

10.     Defendant, Mr. Jeffrey Lewis, is, based on information and belief, a resident of Florida, who resides at 755 Shady Oaks Dr, Palm Coast, FL.

11.     Defendant, Mary Ann Crane, is, based on information and belief, a resident of Florida, who resides at 755 Shady Oaks Dr, Palm Coast, FL.

## JURISDICTION AND VENUE

12.     Plaintiff re-alleges and incorporates be reference paragraphs 1. to 11. above as if stated in full herein.

13.     Venue is proper in this Court under 28 U.S.C. §1391(a) where Defendant, Wal-Mart, is considered a resident of the western district of Michigan under 28 U.S.C. §1391(c)(2) because Wal-Mart is able to sue and be sued in this Court, and has in the past filed suit in this Court on its own behalf. Therefore, venue in the Federal District Court for the Western District of Michigan is proper.

14.     Further, venue is this Court is proper under 28 U.S.C. §1391(b)(3) where this judicial district is has personal jurisdiction over any defendant, specifically the Wal-Mart defendants are subject to the Court's personal jurisdiction where Wal-Mart has been sued in this Court and has filed suit on its own behalf previously.

15.     Jurisdiction is proper in this Court based on diversity jurisdiction under 28 U.S.C. §1332, specifically where the amount in controversy is greater than $75,000.00 based on the request from Wal-Mart for reimbursement from Farm Bureau and/or its insured, Greenhouse, in the amount of $4,500,000.00 plus $239,124.51 in legal fees; and where Farm Bureau and Wal-Mart are corporate citizens of different States. Wal-Mart is a corporate citizen of the State of Arkansas and/or Delaware, and Farm Bureau is a citizen of Michigan.

4

16.    Further, diversity exists where Defendants, Mr. Jeffrey Lewis and Ms. Mary Ann Crane are believed to be citizens of Florida.

17.    Jurisdiction is also proper in this Court under Fed. R. Civ. P. 57 and 28 U.S.C. §2201(a), within the jurisdiction of any court of the United States and where there is a case of actual controversy. An actual controversy exists in this matter where Wal-Mart seeks reimbursement of indemnity it paid to settle claims filed against by Mr. Lewis and Ms. Crane, and associated defense costs, for its own sole negligence, and where Mr. Lewis and Ms. Crane owe indemnification to Farm Bureau's insured, Greenhouse.

18.    This Court has personal jurisdiction over Wal-Mart because Wal-Mart has the minimum contacts required to satisfy the due process requirements, and has routinely, in the past, availed itself of the Court's jurisdiction to pursue claims in its own right. Thus, there is no question this Court has personal jurisdiction over Wal-Mart.

19.    Under 28 U.S.C. §2201(a) any Court of the United State is the proper court for an action for Declaratory Relief under Fed. R. Civ. P. 57 in a "case of actual controversy" and within the court's jurisdiction. Here, there is an actual controversy where Farm Bureau disputes that it, and/or its insured (Greenhouse) owes defense and indemnity to Wal-Mart, and this matter is within the court's jurisdiction based on diversity jurisdiction. Thus, venue and jurisdiction are proper in this court for this action for declaratory relief.

20.    Based on information and belief, this Court has personal jurisdiction over Defendants, Mr. Jeffrey Lewis and Ms. Mary Ann Crane, under the Michigan long arm statue, MCL 600.705.

## FACTUAL ALLEGATIONS

21.      Plaintiff re-alleges and incorporates be reference paragraphs 1. to 20. above as if stated in full herein.

22.      Plaintiff, Farm Bureau Mutual Insurance Company of Michigan ("Farm Bureau"), issued a "Farmowners" Policy (Policy # FO 3280564-12) (referred to herein as "Polic"), to Neal Mast and Son Greenhouses ("Greenhouse") with a policy period extending from September 1, 2022, to September 1, 2023. (Ex. A, Policy)

23.      The Policy was issued on or about October 11, 2022, and provided coverage to Greenhouse for property coverage, personal and farm liability, personal property, farm building coverage. (Ex. A, Policy)

24.      The Policy also included endorsements for Additional Insured-Vendor for numerous entities, including Defendant, Wal-Mart Stores Inc. ("Wal-Mart"). (Ex. F, Additional Insured Wal-Mart Endorsement).

25.      The Additional Insured ("AI") endorsement for Wal-Mart also included Form FOEND-43 which states the applicable exclusions to AI coverage and explicitly states, "All other provisions of this policy apply."

26.      Pursuant to the terms of the AI endorsement and the "other" provisions in the Policy, coverage for Defendant, Wal-Mart, related to an incident involving Defendant, Jeffrey Lewis, under the Farm Bureau Policy is not applicable in this instance, and there is no coverage for Wal-Mart.

27.      Farm Bureau insured, Greenhouse, and Wal-Mart entered into a "Walmart General Merchandise Supplier Agreement" ("Agreement") dated February 11, 2014, and was in place and in effect on the date of the incident. (Ex. D)

6

28.    Pursuant to the terms of the Agreement between Farm Bureau insured, Greenhouse, and Wal-Mart, there is no duty to defend and indemnify Wal-Mart for its sole negligence, which negates any duty for Farm Bureau to provide coverage at all, or defend and indemnify its insured from claims made by Wal-Mart for reimbursement, subrogation and/or defense and indemnity under the Agreement or the Farm Bureau Policy for the incident involving Mr. Lewis.

### The Incident and Underlying Litigation

29.    On or about January 16, 2023, Greenhouse, through Defendant Peak Transportation, delivered to Defendant Wal-Mart at Superstore #3616 located at 1200 W. Oak Street, Amite, Louisiana a shipment of plants to be unloaded at Wal-Mart and then sold by Wal-Mart to the public.

30.    Defendant Jeffrey Lewis alleged that during the unloading process he was injured when a rack of plants fell on him. A Wal-Mart employee, Brian Matherne, was operating a hi/lo (forklift) and unloading the racks of plants, and, as alleged, Mr. Matherne, in so doing, was negligent causing one rack to fall onto Mr. Lewis.

31.    It is undisputed that Mr. Matherne, at the time of the incident involving Mr. Lewis on January 16, 2023, was a full-time employee of Wal-Mart. Mr. Lewis was not an employee of Wal-Mart.

32.    Mr. Lewis, as a result of his alleged injuries from the January 16, 2023, incident filed suit against Wal-Mart, Greenhouse, Mr. Matherne and Peak Transportation, alleging, *inter alia*, that Wal-Mart itself and through its employee, Mr. Matherne, were negligent in unloading the plants and caused the injuries to Mr. Lewis. (Ex. B, Defendant Mr. Lewis First Amended Complaint)

7

33.    Mr. Lewis also alleged that the other defendants named in the Complaint (Ex. B) were also negligent, including Greenhouse. Mr. Lewis' First Amended Complaint included boilerplate allegations against Greenhouse alleging, *inter alia*, that Greenhouse was negligent for "failing to properly train, instruct, ...regarding packaging, packing, loading,...shipping... relating to shipping of plants packaged on CC racks..." (Ex. B, p.6, ¶23(a) & ¶24).

34.    Litigation commenced as discovery was had for an extended period of time. At no time prior to January 2026 did Wal-Mart tender defense and indemnity to Greenhouse or seek AI status and coverage from Farm Bureau.

35.    In June 2025, Mr. Lewis and Ms. Crane entered into a settlement with Greenhouse to resolve and dismiss any and all claims by Mr. Lewis and Ms. Crane against Greenhouse, only. Mr. Lewis and Ms. Crane signed a "General Release and Indemnity Agreement" (herein "Release") dated June 11, 2025. (Ex. C, General Release and Indemnity Agreement")

36.    The Release entered into by Mr. Lewis and Ms. Crane included a full and final settlement of all claims against Greenhouse for its alleged negligence, only, and included as a condition of the settlement that all claims against Greenhouse would be dismissed with prejudice, which they were.

37.    The Release further included that Mr. Lewis and Ms. Crane agreed to "**completely indemnify and hold harmless**" Greenhouse from any further claims by Mr. Lewis and Ms. Crane "because of the losses, injuries, damages or expenses suffered" in, or related to, the January 16, 2023, incident. (Ex. C) This indemnification paragraph goes on to state that Mr. Lewis and Ms. Crane indemnify and hold harmless Greenhouse

8

from such further claims "whether such claim is made by way of indemnity, contribution, subrogation, or otherwise..." (Ex. C, p.1,¶2)

38.     Therefore, to the extent that Wal-Mart seeks subrogation and/or indemnity from Greenhouse, Mr. Lewis and Ms. Crane must indemnify and hold Greenhouse harmless from all claims by Wal-Mart against Greenhouse and Farm Bureau.

39.     On or about January 7, 2026, Wal-Mart, through its counsel, sent a demand for defense and indemnity, along with a request for confirmation of AI status and coverage under AI status from Farm Bureau for the pending litigation. This demand was sent about a week prior to mediation that Wal-Mart had with Mr. Lewis and Ms. Crane.

40.     The demand for, and tender of, defense and indemnity sent by Wal-Mart was denied for several reasons, including but not limited to, the demand being made one week prior to mediation that Plaintiff and/or its insured did not have time to prepare for. Further, defense and indemnity were rejected based on the Policy and the language in the Agreement and application of Michigan and/or Arkansas law.

41.     Based on information and belief, Wal-Mart settled all claims against it by Mr. Lewis and Ms. Crane for Wal-Mart's sole negligence for a specific amount that exceeds $75,000.

42.     During the course of litigation, in or around June 26, 2025, Wal-Mart entered into a stipulation with Mr. Lewis and Ms. Crane that was filed with the Court indicated the following,

> That in connection with the accident which occurred on January 16, 2023 ... the **parties stipulate and agree that the accident was caused solely and exclusively through the negligence and fault of defendant**, Wal-Mart Louisiana, LLC's employee, Brain Matherne, who was acting with the course and scope of his employment with defendant, Wal-Mart Louisiana, LLC and as such Wal-Mart

9

Louisiana, LLC is liable for any and all damages causally related to the accident. (Ex. E, emphasis added)

43.     Clearly, based upon the Stipulation agreed to and entered into by Wal-Mart and Mr. Lewis and Ms. Crane, there is no dispute that Wal-Mart's employee, Brian Matherne, was the sole and exclusive negligence that caused the accident allegedly injuring Mr. Lewis. (Ex. E) Thus, Wal-Mart is seeking defense and indemnity for its sole negligence, and/or the sole negligence of its employee, Brian Matherne.

44.     Notwithstanding the agreed to stipulation between Wal-Mart and Mr. Lewis and Ms. Crane indicating Wal-Mart and/or its employee were the sole and exclusive cause based on their negligence, Greenhouse settled any and all claims against it for its negligence back in June 2025 leaving *only* claims of negligence against Wal-Mart.

45.     Pursuant to the terms of the Agreement and the Policy language, there is no legal basis for which Greenhouse owes defense and indemnity to Wal-Mart for Wal-Mart's sole negligence.

### *Walmart Merchandise Supplier Agreement ("Agreement")*

46.     Greenhouse entered into an Agreement with Wal-Mart dated February 11, 2014. (Ex. D) That Agreement includes paragraph 14 which indicates that terms that dictate when indemnification is owed.

47.     Under paragraph 14, indemnification is owed by the "Supplier" (Greenhouse) to the "Company" (Wal-Mart) only in certain instances explained therein. However, the language in paragraph 14 does not explicitly state that Greenhouse owes Wal-Mart a defense and indemnity for Wal-Mart's sole negligence. (Ex. D,p.4,¶14)

48.    There is no clear and unambiguous language in the Agreement, including not in ¶14, which requires indemnity and defense of sole negligence of the indemnitee. Therefore, under both Michigan and Arkansas law, there is no basis for the indemnification under the Agreement by Greenhouse of Wal-Mart for Wal-Mart's settlement with Mr. Lewis and Ms. Crane where Wal-Mart and Mr. Lewis and Ms. Crane stipulated "... that the accident was caused solely and exclusively through the negligence and fault of defendant, Wal-Mart Louisiana, LLC's employee, Brain Matherne..." (Ex. E)

49.    Further, at the time Wal-Mart settled with Mr. Lewis and Ms. Crane, Greenhouse had long since settled any and all claims by Mr. Lewis and Ms. Crane against it, leaving only those claims against Wal-Mart for Wal-Mart's alleged negligence.

***Farm Bureau Policy and Additional Insured Endorsement***

50.    Farm Bureau issued Policy #FO 3280564-12 to named insured Neal Mast and Son Greenhouses with a policy period of September 1, 2023, to September 1, 2023. (Ex. A)

51.    The Policy included Additional Insured ("AI") endorsement form FOEND-43, which named "Walmart Stores Inc. ISAOA" as an additional named insured, subject to the exclusions on form FOEND-43 and where "all other provisions of this policy apply." (Ex. F)

52.    The conditions in form FOEND-43 include exclusion for bodily injury in paragraph 1.a. where the AI coverage does not apply to damages for bodily injury the "named insured" (Wal-Mart as AI) is obligated to pay by "reason of assumption of liability in a contract or agreement." Wal-Mart assumed liability without the consent of Farm Bureau or its insured, Greenhouse, to enter into an agreement (Ex. E) assuming sole liability for the accident that Mr. Lewis alleges caused injury, and further Wal-Mart

11

entered into a agreement to pay damages to resolve Mr. Lewis and Ms. Crane's claims for bodily injury, where there has been no evidence or proof provided that Wal-Mart would have had that liability in the absence of the agreements Wal-Mart entered into.

53.    The conditions and exclusions in the AI endorsement, specifically on form FOEND-43 include paragraph 1.h. which states that the insurance afforded under AI status does **_not_** apply to,

> h. **bodily injury** or **property damage** arising out of the **sole negligence** of the vendor for its own acts or omission of those of its employees or anyone else acting on its behalf. However, this exclusion does not apply to:
>
> (1) The exceptions contained in Subparagraphs d. or f.; or
> (2) any inspections, adjustments, tests, or servicing that the vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of the products.

(Ex. F,p.2,¶1.h.) Clearly, under paragraph 1.h. coverage under AI status is applicable in this instance because coverage does not apply when bodily injury arises out of the sole negligence of Wal-Mart, who is the vendor under the AI language in form FOEND-43. Further, neither exclusion in subparagraphs (1) and (2) to 1.h. apply in this instance. Thus, coverage is excluded in this matter for the sole negligence of Wal-Mart and based on the Stipulation and agreement between Wal-Mart and Mr. Lewis and Ms. Crane, the "accident was caused solely and exclusively" by the negligence and fault of Wal-Mart and its employee, Brian Matherne. (Ex. E) Thus, under 1.h., there is no coverage under the Farm Bureau policy for Wal-Mart as an AI.

54.    The AI endorsement also states that "all other provisions of this policy apply." (Ex. F) The Policy contains additional exclusions and provisions that apply and

12

exclude or eliminate coverage for the indemnification of Wal-Mart and/or for the underlying claims made by Mr. Lewis and Ms. Crane.

55.    An insured contract is defined in paragraph 24.f. on page 4 of 20 of form FOPOL-1 as part of a contract related to farming or the business in the declarations in which Greenhouse assumes tort liability of another to pay damages for bodily injury. (Ex. A, p.4 of 20, form FOPOL-1,¶24.f.)

56.    Paragraph 14 of the Agreement entered into between Greenhouse and Wal-Mart requires Greenhouse to indemnify Wal-Mart in certain instances, but it does not state in clear and unambiguous terms that Greenhouse owes defense and indemnity to Wal-Mart for Wal-Mart's sole negligence. Therefore, there is no insured contract for Wal-Mart's sole negligence as defined in 24.f. of the Policy.

57.    Section II – Exclusion in the Policy (form FOCOV-2) states that the insurance in the Policy does not apply to bodily injury for which the insured (Greenhouse) is obligated to pay by reason of the assumption of liability. (Ex. A,p.2 of 8, form FOCOV-2,¶2.) This Policy provision that is applicable based on the language in the AI Endorsement that makes all Policy provision applicable states that there is no coverage for assumed liability which is what Wal-Mart has done by stipulating to being the sole and exclusive cause of the accident, and then agreeing to settled the claims for am amount that exceeds $75,000.

58.    There are two exclusions to the exclusion for coverage under assumed liability, neither of which are applicable in this matter, specifically where there is no agreement between Wal-Mart and Greenhouse for Greenhouse to defend and indemnify Wal-Mart for its sole and exclusive negligence.

59. The Policy also includes provisions for "Other Insurance" which indicates that if the insured (Wal-Mart as additional insured) has other insurance under any policy covering the same obligations, then the Farm Bureau Policy is excess of that insurance. (Ex. A,p.11 of 20,¶31.a.) Based on information and belief, Wal-Mart has "other insurance" that covered the incident, and therefore Farm Bureau would then be excess, and it is believed that Wal-Mart's settlement did not exceed its insurance coverage.

60. However, if the accident occurred during the unloading of a motor vehicle, then the coverage under the Farm Bureau Policy does not apply at all if there is "other insurance" to cover the same obligation. Based on information and belief, Wal-Mart has "other insurance" that covered the incident, and therefore Farm Bureau coverage is not applicable. (Ex. A,p.11 of 20,¶31.a.)

## COUNT I. DECLARATORY RELIEF

61. Plaintiff re-alleges and incorporates be reference paragraphs 1. to 60. above as if stated in full herein.

62. Plaintiff files this action for Declaratory Relief seeking an Order and/or Judgment from the Court defining the duties owed under the Agreement (Ex. D) between Wal-Mart and Greenhouse, and/or whether any duty is owed to provide coverage under the Farm Bureau Policy (Ex. A).

63. Under Fed. R. Civ. P. 57, the Court may hear an action for declaratory relief to define the rights and duties of the parties consistent with 28 U.S.C. §2201.

64. Under 28 U.S.C. §2201, where there is an actual controversy, upon filing a Complaint, the Court my declare the rights and duties and other legal relations of any interested party, and such declaration shall have the full fore of a judgment. 28 U.S. Code §2201(a) (2026).

14

65.    Here, an actual controversy exists in that Wal-Mart seeks reimbursement from Greenhouse and/or its insurer, Farm Bureau, for settlement and defense costs that Wal-Mart has paid and incurred as a result of its undeniable sole and exclusive negligence in an underlying action. The amount exceeds $75,000, and the named Defendants herein are citizens of different states.

66.    Wal-Mart has made demand of Greenhouse to indemnify it for Wal-Mart's sole and exclusive negligence; and Wal-Mart had demanded payment of the settlement proceed and defense costs from Farm Bureau as and Additional Named Insured under Farm Bureau's Policy issued to named insured Greenhouse.

67.    Such controversy exists in that neither Greenhouse nor Farm Bureau were a party to the settlement that was negotiated by Wal-Mart, and that settlement was based on an earlier agreement between ONLY Wal-Mart and Mr. Lewis/Ms. Crane wherein Wal-Mart stipulated and agreed it was the sole and exclusive cause of the accident that alleged injured Mr. Lewis because of the negligence of Wal-Mart employee.

68.    Under the language in paragraph 14. of the Agreement between Wal-Mart and Greenhouse, there is no clear and unambiguous language that requires Greenhouse, or its insurer, to defend and indemnify Wal-Mart for Wal-Mart's sole negligence. Thus, no defense and indemnity is owed under that Agreement, paragraph 14.

69.    In addition to no defense and indemnity owed under paragraph 14 of the Agreement between Wal-Mart and Greenhouse, Greenhouse settled any and all claims against it almost a year ago, and therefore all that Wal-Mart was resolving in January 2026 were claims against it for its sole negligence because claims of negligence against Greenhouse were previously resolve and dismissed.

15

70.      Further, Mr. Lewis and Ms. Crane, in settling all their claims against Greenhouse in June 2025 entered into, and signed and executed a "General Release and Indemnity Agreement" that requires Mr. Lewis and Ms. Crane to indemnify and hold Greenhouse harmless from any further claims for injury to Mr. Lewis and Ms. Crane for injuries/damages/losses/expenses suffered from, or arising out of, the January 16, 2023 "whether such claim is made by way of indemnity, contribution, subrogation, or otherwise..." Thus, Greenhouse is owed indemnity from Mr. Lewis and Ms. Crane for any and all claims asserted by Wal-Mart against Greenhouse and/or Farm Bureau.

71.      Under the Farm Bureau Policy, several exclusions and Policy conditions apply which eliminate and exclude coverage for Wal-Mart in this instance.

72.      Wal-Mart is seeking indemnification under paragraph 14 of its Agreement with Greenhouse arguing an insured contract. However, an insured contract does not include an assumption to liability which is what Wal-Mart agreed to by stipulating that the accident was the sole and exclusive cause of Wal-Mart's employee's negligence.

73.      Where paragraph 14 in the Agreement is not enforceable and does not include indemnification for sole negligence of Wal-Mart there is no insured contract for which coverage is owed under the Farm Bureau Policy that meets the definition in paragraph 24.f. of the Policy.

74.      Under Section II – Exclusions there is no coverage for assumed liability, which is precisely the situation in this matter. Wal-Mart assumed liability and fault stipulating that the accident was its sole and exclusive cause due to its employee's negligence and then assumed liability to pay damages for its sole negligence which it may not have had to pay absent the assumption of liability and liability for damages. Thus, coverage is excluded.

16

75.     Under the AI endorsement there are two exclusions in paragraphs 1.a and 1.h exclude coverage in this instance. Under paragraph 1.a, there is no coverage for assumed liability, which is exactly what Wal-Mart did; and under 1.h. there is no coverage for the sole negligence of Wal-Mart. Thus, there is no coverage under the AI endorsement in the Farm Bureau Policy.

76.     Alternatively, if there is applicable coverage under the Farm Bureau Policy, that coverage is excess over Wal-Mart's insurance under the terms and conditions in the Farm Bureau Policy, specifically page 11 of 20 paragraph 31.a. Additionally, if the injury occurred unloading a motor vehicle, which arguably occurred where the injury was the result of the negligence of a Wal-Mart employee unloading racks of plants, then under page 11 of 20,paragrapy 31.b., the Farm Bureau Policy insurance does not apply at all.

77.     There is an actual controversy in this matter where Wal-Mart is seeking payment of indemnity and defense costs from Greenhouse for Wal-Mart's sole and exclusive negligence, but where there is no defense and indemnity owed under the Agreement for Wal-Mart's sole negligence, and where coverage is excluded for Wal-Mart's sole negligence in this instance and/or where Farm Bureau coverage is excess of Wal-Mart's insurance, or does not apply at all if the injury occurred while unloading a vehicle. Further, to the extent any indemnification or defense is owed by Greenhouse to Wal-Mart, Mr. Lewis and Ms. Crane must indemnify and hold Greenhouse harmless from all claims by Wal-Mart for defense and indemnity.

WHEREFORE Plaintiff, Farm Bureau Mutual Insurance Company of Michigan, respectfully requests that this Honorable Court enter Judgment in favor of Farm Bureau, and Order the following;

A.  Paragraph 14 of the Agreement between Wal-Mart and Greenhouse is not enforceable to require indemnity of the sole negligence of Wal-Mart;

B.  Paragraph 14 of the Agreement between Wal-Mart and Greenhouse is not an insured contract because it does not require indemnity for Wal-Mart's sole negligence and therefore, Farm Bureau does not owe coverage where there is no insured contract, but instead Wal-Mart assume liability which is not covered under the Farm Bureau Policy;

C.  That Wal-Mart unequivocally settled all claims by Mr. Lewis and Ms. Crane for Wal-Mart's sole and exclusive negligence per the Stipulation entered into by Wal-Mart and Mr. Lewis and Ms. Crane;

D.  That coverage under the Farm Bureau Policy and AI Endorsement is excluded as a result of the sole negligence of Wal-Mart;

E.  That Farm Bureau coverage, if not excluded, is excess of Wal-Mart's insurance covering the same loss, and if as a result of unloading a vehicle, Farm Bureau does not apply at all;

F.  Pursuant to the General Release and Indemnity Agreement entered into by Mr. Lewis and Ms. Crane upon settlement of any and all claims they had against Greenhouse, that pursuant to the language in that settlement agreement that Mr. Lewis and Ms. Craen must indemnify and hold Greenhouse harmless form any and all claims by Wal-Mart for indemnification, contribution, subrogation or otherwise; and

G.  Order any and all other such relief as the Court deems necessary, including any and all costs and expenses that Plaintiff my be so entitled.

18

Respectfully Submitted,

ANTHONY PIETI (P64501)
QUINTAIROS PRIETO WOOD & BOYER PA
4143 Grand River Ave., Ste. D
Novi, MI 48375
(248) 783-6780
anthony.pieti@qpwblaw.com

Date: April 23, 2026                    Assistant:  ginger.stratton@qpwblaw.com

**PROOF OF SERVICE**

The undersigned certifies that on April 23, 2026, she served a copy of the foregoing documents upon each of the attorneys of record, by:

| | |
|---|---|
| _____ US Mail | ____Hand Delivery |
| _____ Facsimile | ____Federal Express |
| _____ E-Mail | _X__ E-File & E-Service |

By: */s/Ginger Stratton*
        **Ginger Stratton**

19